GRAND LODGE COLORED KNIGHTS OF PYTHIAS *v.* HILL ET AL.

[70 South. 347.]

1. PARTIES. *Trial. Amendment. Lost instrument. Sufficiency of evidence.*

Where the administrator of the estate of a deceased brought suit. upon a life insurance policy and it was subsequently discovered that the policy was payable to the wife and children of deceased, an amendment substituting them as plaintiffs should be allowed.

2. LOST INSTRUMENT. *Sufficiency of evidence.*

In a suit upon a lost life insurance policy, where its loss and contents were sought to be proven alone by a witness who had no personal knowledge that the policy had ever been issued, or that it had ever been lost or what it contained, a peremptory instruction for the plaintiff should not have been given.

APPEAL from the circuit court of Rankin county.

HON. C. L. DOBBS, Judge.

Suit by Charity Hill and others against the Grand Lodge of the Colored Knights of Pythias. From a judgment for plaintiff, defendant appeals.

A declaration was filed in the circuit court by one Robinson, administrator of the estate of Willis Hill, deceased, against the appellant for the recovery of a life insurance policy held by deceased in the appellant order. It was discovered afterwards that the policy of insurance was made payable to the wife and children of the deceased and on the day the case was called for trial a petition for leave to amend the declaration by substituting the names of his wife and children was filed and leave to amend granted. It was alleged that the policy of insurance was lost and a witness, Tobe Turner, the chancellor of the local lodge in which the deceased held his membership, was introduced for the purpose of proving the loss of the policy. Witness Turner in his testimony stated that a policy had been issued some years before to Willis Hill

and surrendered, and that application for a new policy
had been made and the fee paid through him. He says
he has never seen the new policy, however, but is pos-
itive that one was issued, and that it called for six hun-
dred dollars. It was evident from his testimony that he
had no personal knowledge that the policy had ever
been issued, or that it had ever been lost, or its con-
tents. On the trial the appellant offered in evidence the
constitution and by-laws of the order, but the court de-
clined to permit their introduction. The court then gave
a peremptory instruction to find for plaintiffs, and the
defendant appeals.

*Latham & Latham,* for appellants.

*Stingily & McIntyre,* for appellees.

SMITH, C. J., delivered the opinion of the court.

The court below committed no error in permitting the
amended declaration to be filed, but should not have
granted the peremptory instruction. The policy sued on
was not introduced in evidence. Its loss and its con-
tents were sought to be proven by the evidence of the
witness Tobe Turner, but it is manifest from his tes-
timony that he was without knowledge of either of these
matters. We cannot tell from the record whether the
court below erred in excluding appellant's constitution
and by-laws from the evidence for the reason that it does
not appear what these documents would have disclosed or
what light they would have thrown upon the question
at issue.

*Reversed and remanded.*